UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| COMSAT, INC., a Delaware Corporation,<br><br>      Plaintiff and Counterclaim Defendant,<br>v.<br><br>PENTAGON PERFORMANCE, INC., a New Jersey Corporation,<br><br>      Defendant and Counterclaim Plaintiff. | CASE NO. 17-12132 (SDW)(LDW)<br><br>**DECLARATION OF DAVID B. GORDON IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL** |

I, DAVID B. GORDON, declare as follows:

1. I am an attorney at law duly licensed to practice law in the State of New Jersey and before this Court. I am, through my professional corporation, a partner in the law firm of Mitchell Silberberg & Knupp LLP ("MSK"), attorneys for Defendant Pentagon Performance, Inc. ("PPI"). I have personal knowledge of the facts set forth herein, and if called and sworn as a witness, could and would competently testify thereto. This declaration is being filed in support of MSK's motion to withdraw as counsel.

2. MSK was retained to represent PPI in this case. On behalf of PPI, MSK filed an Answer and Counterclaim in response to the Complaint of Plaintiff Comsat, Inc. ("Comsat"), exchanged written discovery with Comsat, and collected, reviewed, and produced documents in response to Comsat's requests.

3. Unfortunately, the relationship between PPI and MSK has broken down.

4. *First*, PPI has not responded to multiple emails and telephone messages. Our sole contact at PPI is Anthony La Sure. Recently, I emailed Mr. La Sure to request information from him regarding deposition scheduling, because Comsat's counsel had requested that Mr. La Sure

B424766.1

indicate his dates of availability. I received no response from Mr. La Sure. Since August 20, 2018, I have sent six additional emails to Mr. La Sure relating to this matter without receiving any response to any of the emails. In several of these emails, I advised Mr. La Sure that MSK could not continue to represent PPI if I did not hear back from him. My emails to Mr. La Sure have been sent to the address through which he communicated with me in the past. I also attempted telephone calls to Mr. La Sure on several occasions, using the telephone number he gave me to contact him and leaving voice mails, and received no response.

5. *Second*, PPI has failed to pay attorney's fees incurred by MSK, in accordance with the Client Engagement Agreement between MSK and PPI, for MSK's work on this case. PPI last made payment to MSK in April 2018. If MSK were forced to continue representing PPI, it would result in an unreasonable financial burden on MSK.

6. MSK has moved with all due haste in bringing this Motion in the time since it became clear that PPI would not respond to attempts to communicate and would not be willing to pay MSK's legal fees.

7. Accordingly, MSK respectfully requests that the Court grant it leave to withdraw as counsel for PPI.

8. If the Court wishes to review the written communications between MSK and PPI relating to the issues described above, we respectfully request that we be permitted to submit such documents for an *in camera* review, to ensure that confidentiality is preserved.

> I declare under penalty of perjury that the foregoing is true and correct. Executed on October 9, 2018
>
> By: /s/ David B. Gordon